UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Naveed Azam,

                                  Plaintiff,

           -against-

The City of New York, Police Officer Ronald Louie, Police Officer Steven Tatar, and John and Jane Doe # 1-5, police officer(s) of the New York City Police Department, the identity, number, and rank of whom is presently unknown,

                                 Defendants.
------------------------------------------------------------------------X

Civil Action No. 1:21-cv-3499

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Naveed Azam, by and through his attorney, Abe George, Esq., of the Law Offices of Abe George, P.C., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action stemming from false arrest, malicious prosecution, and excessive force claims in which the Plaintiff seeks relief for the defendants' violations of his rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

7. At all times relevant to this action, Plaintiff Naveed Azam is and was a resident of Kings County, New York in the Eastern District of New York.

8. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Police Officer Ronald Louie, Police Officer Steven Tatar, and John & Jane Doe #1-5, police officer(s) of the New York City Police Department, the identity, number, and rank of whom is presently unknown (hereinafter "John & Jane Doe #1-5").

10. Police Officer Ronald Louie, Police Officer Steven Tatar, and John & Jane Doe #1-5, (hereinafter, all police officers including John and Jane Doe #1-5, collectively referred to as "individual officer defendants"), are and were, at all times relevant herein, duly appointed and acting

officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of defendant City of New York.

11. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York.

12. The actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

13. Plaintiffs are suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

14. Plaintiff Azam timely filed a Notice of Claim on or about October 7, 2020 with the Comptroller of the City of New York, setting forth the facts underlying plaintiffs' claims against Defendant City of New York.

15. On or about February 25, 2021, a 50-h hearing was held and to date, Plaintiff has received no answer, and no compensation by Defendant City of New York in response to his claim.

16. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

17. Upon information and belief on or about September 12, 2020 at approximately midnight, Plaintiff's vehicle was lawfully in the area of Avenue V and West 9th Street in the County of Kings, State of New York. Plaintiff who was driving the vehicle with two other occupants was not engaged in any illegal activity. Shortly after midnight, unmarked police vehicles attempted to pull over Plaintiff's vehicle without any justification.

18. Plaintiff eventually stopped his vehicle in the vicinity of 388 Hamilton Avenue in the County of Kings, State of New York, and his car and its occupants were surrounded by Police Officer Ronald Louie and/or Police Officer Steven Tatar and/or Officers John and Jane Doe #1-5.

19. Upon information and belief, Police Officer Ronald Louie and/or Police Officer Steven Tatar and/or Officers John and Jane Doe #1-5, forcibly removed driver Plaintiff Azam from his vehicle slamming him face first into the ground. On the ground said officers, likely aggravated by the car chase, punched Plaintiff in the face and kicked him in the head causing Plaintiff to go unconscious for a period of time.

20. Upon information from the other occupants of Plaintiff's vehicle, the NYPD officers involved in the stop of Plaintiff's vehicle told the occupants after the car stop "Your lucky we didn't shoot you, we thought you guys were involved in a shooting," which was the basis relayed for why Plaintiff's car was stopped.

21. Plaintiff woke up from the assault in a holding cell of a precinct, not having any memory of how Plaintiff had got there. When Plaintiff woke up he felt pain all over his body, specifically on his back, face and head. Plaintiff also noticed he had blood coming from his face and head whereupon Plaintiff demanded an ambulance.

22. Plaintiff requested immediate medical attention but the defendant officers refused his requests.

23. Hours after Plaintiff's request for medical treatment in the holding cell an ambulance arrived and took Plaintiff to Coney Island Hospital to be treated for his injuries. Prior to being taken to the hospital Plaintiff received no medical treatment for his injuries at the precinct.

24. At Coney Island Hospital, Plaintiff received stitches for his right eye and upon a cursory medical evaluation Plaintiff was released from the hospital and brought back to the precinct for further processing. See Exhibit A: Pictures of Plaintiff

25. Plaintiff was ultimately arraigned later that day in Kings County Criminal Court on September 12, 2020, under Docket CR-017308-20KN, when Plaintiff found out he was being charged with a "DWI, reckless driving, and other driving related offenses."

26. On or about January 5, 2021, Plaintiff attended a virtual DMV "refusal hearing" where the officers involved in Plaintiff's stop failed to appear, and the DMV case was ultimately dismissed.

27. On or about January 25, 2021, Mr. Azam's criminal case, CR-017308-20KN was on for an initial conference. The District Attorney failed to provide any discovery in this matter from Plaintiff's arrest and failed to file a certificate of compliance and/or readiness, and the matter was dismissed upon Mr. Azam's request.

28. Plaintiff was not driving while intoxicated on September 12, 2020. Upon information and belief the criminal charges against Plaintiff were contrived and/or inflated in order to justify the stop of Plaintiff's vehicle and Plaintiff's injuries sustained at the hands of the NYPD officers.

29. Plaintiff was stopped without reasonable suspicion and seized without probable cause.

30. As a result of Defendants actions Plaintiff Azam had to spend thousands of dollars to retain private counsel to fight a criminal court case and DMV case against him.

31. Ever since the September 12, 2020 assault Plaintiff has had following issues: post-concussion syndrome, cognitive deterioration, emotional dysregulation, visual deficits, potential post traumatic dysautonomia and is anticipated to suffer long term sequelae of traumatic brain injury including a likelihood of a future mental decline accelerating and increasing the probability of early dementia.

32. Plaintiff has suffered mental anguish and emotional distress as a result of Defendants wanton, reckless disregard for their rights.

## FIRST CLAIM: FALSE ARREST
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Against All Individual Officer Defendants

33. Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. At all times herein mentioned, Police Officer Ronald Louie and/or Police Officer Steven Tatar and/or Officers John and Jane Doe #1-5 (collectively known as the Individual Officer defendants") were acting under color of State law.

35. The Individual Officer Defendants each deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution by, individually and in concert, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege whatsoever.

36. The Individual Officer Defendants intended to arrest and/or confine the plaintiff.

37. Plaintiff was conscious of his confinement.

38. Plaintiff did not consent to his confinement.

39. The confinement lacked probable cause and was not otherwise privileged

40. The Individual Officer Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly.

## SECOND CLAIM FOR RELIEF: DUE PROCESS & FAIR TRIAL
42 U.S.C. § 1983 and Fifth, Sixth and Fourteenth Amendments
Against All Individual Officer Defendants

41.     Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.     At all times herein mentioned, the Individual Officer Defendants were acting under color of State law.

43.     The Individual Officer Defendants each deprived Plaintiff of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by, individually and in concert, manufacturing false evidence through their own accounts that Plaintiff was drinking while driving and other related crimes when in fact Plaintiff was not involved in any criminal wrongdoing.

44.     The Individual Officer Defendants, individually and or in concert, used this evidence to initiate criminal proceedings against Plaintiff.

45.     As a result, Plaintiff was deprived of his liberty.

46.     The Individual Officer Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly.

## THIRD  CLAIM  FOR RELIEF: EXCESSIVE FORCE
42 U.S.C. § 1983 and Fourth Amendment
Against All Individual Officer Defendants

47.     Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.     The Individual Officer Defendants intentionally touched and/or assaulted Plaintiff.

49.     The Individual Officer Defendants' touching of Plaintiff involved the use of excessive force and caused and/or exacerbated serious injuries to Plaintiff including but not limited to: post-

7

concussion syndrome, cognitive deterioration, emotional dysregulation, visual deficits, potential post traumatic dysautonomia and is anticipated to suffer long term sequelae of traumatic brain injury including a likelihood of a future mental decline accelerating and increasing the probability of early dementia.

50. Plaintiff did not consent to the excessive physical contact by any of the Individual Officer Defendants, and they lacked any legal justification, excuse, or privilege for their conduct.

51. By virtue of the foregoing, the Individual Officer Defendants each deprived Plaintiff of his Fourth Amendment right under the United States Constitution to be free of the excessive use of force.

**FOURTH CLAIM: MALICIOUS PROSECUTION**
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Against Defendants Police Officer Ronald Louie and Police Officer Steven Tatar

52. Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. On or about September 12, 2020, Defendant Police Officer Ronald Louie acting individually and/or in concert with Defendant Police Officer Ronald Louie commenced a criminal proceeding against Plaintiff by signing a false criminal court complaint against Plaintiff which was filed in Kings County Criminal Court under Docket CR-017308-20KN.

54. On or about January 25, 2021 the aforesaid criminal court case was dismissed in favor of Plaintiff.

55. The aforesaid defendants did not possess probable cause to initiate said proceedings and therefore exhibited actual malice against Plaintiff.

8

56. The aforesaid defendants deprived Plaintiff of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM:  FALSE ARREST
### COMMON LAW CLAIM

57. Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58. The Individual Officer Defendants, individually and in concert, arrested, confined, caused the confinement, and/or continued the confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or to cause the confinement of, Plaintiff.

59. Plaintiff was conscious of his confinement.

60. Plaintiff did not consent to his confinement.

61. Defendant City of New York is liable under the principle of respondeat superior.

### SIXTH CLAIM:  MALICIOUS PROSECUTION
### COMMON LAW CLAIM

62. Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. On or about September 12, 2020, Defendant Police Officer Ronald Louie acting individually and/or in concert with Defendant Police Officer Ronald Louie commenced a criminal proceeding against Plaintiff by signing a false criminal court complaint against Plaintiff which was filed in Kings County Criminal Court under Docket CR-017308-20KN.

64. On or about January 25, 2021 the aforesaid criminal court case was dismissed in favor of Plaintiff

65. The aforesaid defendants did not possess probable cause to initiate said proceedings and therefore exhibited actual malice against Plaintiff.

66. Defendant City of New York is liable under the principle of respondeat superior.

### SEVENTH CLAIM: ASSAULT & BATTERY
### COMMON LAW CLAIM

67. Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. The Individual Officer Defendants intentionally touched Plaintiff and caused serious physical injury as described above.

69. Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification excuse, or privilege.

70. Plaintiff did not consent to physical contact by any of the Defendants.

71. Defendant City of New York is liable under the principle of respondeat superior.

### EIGHTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COMMON LAW CLAIM

72. Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. The Individual Officer Defendants conduct, in assaulting Plaintiffs, through the aforementioned acts, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

74. The Individual Officer Defendants intended to and did cause severe emotional distress to Plaintiff.

10

75. The conduct of the aforesaid defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

77. Defendant City of New York is liable under the principle of *respondeat superior*.

## NINTH CLAIM: NEGLIGENCE
COMMON LAW CLAIM

78. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79. The Individual Defendant Officers owed a duty to treat Plaintiff with the same degree of care that a reasonably prudent person would use under the circumstances.

80. The Individual Defendant Officers negligently breached that duty in the physical manner in which they arrested Plaintiff.

81. The Individual Defendant Officers were the proximate cause of Plaintiffs injuries.

82. Further, Defendants owed a duty of care to protect the health of Plaintiff while Plaintiff was in Defendants' custody by providing reasonably prompt medical attention to Plaintiff.

83. Defendants knew or should have known that Plaintiff required prompt medical attention.

84. Defendants' negligent delay in providing medical attention to Plaintiff was a direct and proximate cause of Plaintiff's physical injuries, physical pain, and mental and emotional anguish.

85. Defendant City of New York is liable under the principle of *respondeat superior*.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. For compensatory damages of not less than $10 million;

b. For punitive damages against the individual Defendants;

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

d. Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

e. For pre-judgment interest as allowed by law; and

f. For such other and further relief as this Court may deem just and proper.

Dated: June 20, 2021  **THE LAW OFFICES OF ABE GEORGE, P.C.**
New York, New York

By: _____/s/_____
Abe George, Esq.
99 Wall Street, Suite 3404
New York, NY 10005
(P) 212-498-9803
(F) 646-558-7503
e-mail: abe@abegeorge.lawyer